IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CARLOS ALDAY, | ) | |
| ID # 53841-177, | ) | |
| Movant, | ) | No. 3:18-CV-1246-D (BH) |
| vs. | ) | No. 3:16-CR-286-D (2) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | Referred to U.S. Magistrate Judge |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the motion to vacate, set aside, or correct sentence should be **DENIED** as barred by the statute of limitations.

### I. BACKGROUND

Carlos Alday ("Movant"), a federal prisoner, challenges his 2016 conviction for conspiracy to possess with intent to distribute a controlled substance and 168-month sentence. (*See* docs. 2 & 3.)[1] Judgment was entered on January 23, 2017, and he did not appeal. (*See* doc. 546.) His § 2255 motion states that it was placed in the prison mailing system on May 2, 2018. (*See* 3:18-CV-1246-D, doc. 2 at 12.)[2]

### III. STATUTE OF LIMITATIONS

"[Section] 2255 establishes a '1-year period of limitation' within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section." *Dodd v. United States*, 545 U.S. 353, 356 (2005). It states:

---

[1] Unless otherwise indicated, all subsequent document numbers refer to the docket number assigned in the underlying criminal action, 3:16-CR-286-D (2).

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the top of each filing.

>A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
>>(1) the date on which the judgment of conviction becomes final;
>>
>>(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>>
>>(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>>(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Movant does not allege any facts that could trigger a starting date under §§ 2255(f)(2)-(4), so his limitations period began to run when his judgment of conviction became final. *See* § 2255(f)(1). His conviction became final on February 6, 2017, the date on which his time to file a direct appeal expired. *See* FED. R. APP. P. 4(b)(1)(A)(i) (stating that an appeal in a criminal case must be filed within fourteen days of the entry of judgment); *see also United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008) (holding that, where a federal prisoner does not file a direct appeal, his conviction becomes final when his time to do so expires). The one-year limitations period expired in February 2018, so Movant's § 2255 motion is untimely in the absence of equitable tolling.

"[T]he statute of limitations in § 2255 may be equitably tolled in 'rare and exceptional circumstances.'" *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998) (quoting *Lambert v.*

*United States*, 44 F.3d 296, 298 (5th Cir. 1995)).  It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).  In the context of a habeas petition filed by a state prisoner, the Supreme Court has stated that a habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010), *citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).  "[E]quity is not intended for those who sleep on their rights." *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989).  Furthermore, the movant bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam).  Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

     Here, Movant presents no argument or evidence that extraordinary circumstances prevented him from filing his motion to vacate earlier.  He argues only that he instructed his counsel to pursue a direct appeal, but that his counsel explained to him that "the appeal would not proceed" because any appeal would be meritless.  (*See* 3:18-CV-1246-D, doc. 2 at 11.)  Movant does not allege that his counsel deceived him into believing that he had filed an appeal when, in fact, he had not. *Cf. United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002) (noting that an "allegation that [the movant] was deceived by his attorney into believing that a timely § 2255 motion had been filed on his behalf presents a 'rare and extraordinary circumstance' beyond the petitioner's control that could warrant equitable tolling of the statute of limitations.").  He offers no reason why he did not

3

diligently pursue his post-conviction rights until more than a year later. *See, e.g., Manning v. Epps*, 688 F.3d 177, 186 (5th Cir. 2012) (holding that a prisoner did not diligently pursue his post-conviction rights when he "did nothing for more than nineteen months after his conviction became final."). Because Movant has not met his burden to establish rare and exceptional circumstances that warrant equitable tolling, his motion to vacate should be denied as untimely.

## II. RECOMMENDATION

The motion to vacate, set aside, or correct sentence should be **DENIED** with prejudice as barred by the statute of limitations.

**SIGNED this 16th day of May, 2018.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

4